UNITED STATES DISTRCIT COURT
DISTRICT OF NEW MEXICO

_____

Nuclear Watch New Mexico,

          Plaintiff,

v.

National Nuclear Security Administration of the
Department of Energy,

          Defendant.

_____

Civil Action No. _____

**COMPLAINT**

## COMPLAINT FOR INJUNCTIVE RELIEF

1. This is a lawsuit seeking the release of records related to the FY 2009 Performance Evaluation Report's for the Los Alamos National Security, LLC's Management and Operation of the Los Alamos National Laboratory Contract No. DE_AC52_06NA25396.

2. This action is brought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, seeking injunctive and other appropriate relief, the immediate processing and release of records sought by Plaintiffs Nuclear Watch New Mexico (NWNM) from Defendant National Nuclear Security Administration of the Department of Energy through a FOIA request (Request) made by NWNM on December 23, 2009. The Request sought records related to the FY 2009 Performance Evaluation Report's for the Los Alamos National Security, LLC's Management and Operation of the Los Alamos National Laboratory.

3. The Request was directed to the National Nuclear Security Administration (NNSA) of the Department of Energy which is responsible for the management and security of the nation's nuclear weapons, nuclear nonproliferation, and naval reactor programs. The Request sought a fee waiver.

4. Defendants have denied the Request.

5. The Request relates to a topic vital importance: the upkeep and oversight of the US nuclear sites. The citizens of the US have the right to know how our nation's nuclear facilities are being run and maintained.

## Jurisdiction and Venue

6. This Court has subject matter jurisdiction and personal jurisdiction over this action pursuant to 5 U.S.C. §552(a)(4)(B), (a)(6)(E)(iii), 28 U.S.C. §1331, and 5 U.S.C. §§ 701-706.

7. Venue is premised on the place of business of Nuclear Watch New Mexico (NWNM) as well as the place of business of the National Nuclear Security Administration (NNSA) and is proper in this district under 5 U.S.C. § 552(a)(4)(B).

## Parties

8. Plaintiff Nuclear Watch New Mexico is a non-profit, tax-exempt, public policy research and information environmental organization. NWNM makes information available to thousands of citizens by means of its numerous and varied publications, educational programs, and public-interest litigation. Obtaining information about governmental

activity, analyzing that information, and widely publishing and disseminating it to the press and the public is a critical component of NWNM's work.

9. Defendant National Nuclear Security Administration is a quasi-autonomous agency within the Department of Energy created by Congress in 1999. The Department of Energy is a governmental agency within the meaning of 5 U.S.C. § 552 (f)(1).

**Factual Background**

10. Until 2009 the NNSA would release its Performance Evaluation Reports(PER) on its 9 locations after FOIA requests were made. The 9 sites include:
    a. The Kansas City Plant, Kansas City, Missouri
    b. Lawrence Livermore National Laboratory, Livermore, California
    c. Los Alamos National Laboratory, Los Alamos, New Mexico
    d. Nevada National Security Site, Las Vegas, Nevada
    e. Pantex Plant, Amarillo, Texas
    f. Sandia National Laboratories/New Mexico, Albuquerque, New Mexico
    g. Sandia National Laboratories/California, Livermore, California
    h. Savannah River Site, Aiken, South Carolina
    i. Y-12 National Security Complex, Oak Ridge, Tennessee

11. The PER's evaluate the performance of the contractors at each site and are the bases upon which NNSA decides award fees and contract extensions.

12. On December 23, 2009, NWNM submitted a FOIA request for the FY 2009 PER's for Los Alamos.

13. On March 8, 2010, 50 days after Request was made, NNSA denied the Request.

14. On May 26, 2010, NWNM filed an administrative appeal to NNSA's denial.

15. On July 7, 2010, the NNSA denied the administrative appeal by NWNM.

16. On January 14, 2011, a Decision and Order was submitted by the Department of Energy in regards to Case TFA-0454, a request for FY 2010 PER's by FOIA Group, Inc. The

order stated that neither the Procurement Integrity Act, nor Federal Acquisition Regulations (FAR) 42.1503(b) are grounds for denying a FOIA request for PER's, and remanded the issue to the NNSA for a new determination in accordance with the decision.

17. On February 21, 2012 NWNM sent a letter to the NNSA informing them of the January 14, 2011 Decision and Order of The Department of Energy reversing the withholding of PER's from the FOIA Group. The letter concluded that since FOIA Groups' appeal was successful, NWNM believes that their appeal dated May 26, 2010 should also have been granted, and that the NNSA should therefore release the records originally requested by NWNM on December 23, 2009.

18. In the spirit of cooperation NWNM agreed to wait 20 working days for the NNSA to release the records requested in the Request dated December 23, 2009.

19. On February 22, 2012 the NNSA responded to NWNM simply stating that, "Your recent request… will be processed in the order in which it was received."

20. The NNSA still has not released any documentation on the FY 2009 PER's pursuant to the Department of Energy's decision dated January 14, 2011.

### Nuclear Watch New Mexico's FOIA Request

21. On December 23, 2009 NWNM submitted a FOIA requesting the NNSA's FY 2009 PER's for the Los Alamos National Security, LLC's Management and Operation of the Los Alamos National Laboratory Contract No. DE_AC52_06NA25396. The request was submitted to the designated FOIA offices of the NNSA.

22. The request included responses to 6 questions that the Department of Energy usually inquirers of those submitting FOIA requests.

23. The request also seeks waiver of search, review and duplication fees on the basis that disclosure of the requested records is in the public interest because it "is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii); see also 28 C.F.R. § 16.11(k)(1).

## The Government's Response to the FOIA Request

24. On March 8, 2010, a full 50 business days after Request was sent, the NNSA denied the FOIA request for the 2009 PER's for Los Alamos National Security, LLC's, management, and operation of the Los Alamos National Laboratory Contract No. DE-AC52-06NA25396.

25. The NNSA denied the request pursuant to 5 U.S.C. § 552(b)(3) (Exemption 3 of the FOIA). Exemption 3 exempts from disclosure information "specifically exempted from disclosure by statute". The NNSA specifically cited 41 U.S.C. § 423(a)(1), also known as the Procurement Integrity Act.

26. On May 26, 2010 NWNM filed an administrative appeal to NNSA's denial. The original letter from NNSA dated March 8, 2010 was never received by NWNM. NWNM was not aware of the NNSA's decision until May 5, 2010 email was received from NNSA. NNSA accepted NWNM's appeal dated May 26, 2010. NWNM urged the NNSA to reconsider

its denial based on Exemption 3, arguing that the Procurement Integrity Act was not applicable.

27. On July 7, 2010 the NNSA denied the administrative appeal by NWNM claiming that Exemption 3, and more specifically the Procurement Integrity Act, was applicable and therefore the requested documents would not be released.

## Causes of Action

28. Defendants' failure to make a reasonable effort to search for records sought by Request violates the FOIA, 5 U.S.C. § 552(a)(3).

29. Defendants' failure to promptly make available the records sought by the Request violates the FOIA, U.S.C. § 552(a)(3)(A).

## Prayer for Relief

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Order Defendants immediately to produce all records responsive to the Request of December 23, 2009;

B. Enjoin Defendants from charging Plaintiff search, review, or duplication fees for the processing of the Request;

C. Award Plaintiff their costs and reasonable attorney's fees incurred in this action; and

      D. Grant such other relief as the Court deem just and proper.


Dated: March 28, 2012

                                By:      */s/ Steven Sugarman*
                                          Steven Sugarman
                                          347 County Road 55A
                                          Cerrillos, NM 87010
                                          (505) 672-5082


                                          Jules Zacher, Esq.
                                          *pro hac vice*
                                          1601 Walnut Street #707
                                          Philadelphia, PA 19102
                                          (215) 988-0160

                                          Attorneys for Plaintiff